

# CITY OF BOSTON
# LAW DEPARTMENT

City Hall, Room 615
Boston, MA 02201



THOMAS M. MENINO
*Mayor*

MERITA A. HOPKINS
*Corporation Counsel*

March 30, 2005

Civil Clerk's Office
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA  02210

05  10545

RGS

Re:     *Linda Malloy, Administratrix of the Estate of Willie L. Murray, Jr.,*
*Mother, Guardian and Next Friend Willie L. Murray III v. City of Bosotn*
*and Officer Shawn West,* Civil Action No.

Dear Sir/Madam:

Enclosed for filing in the above referenced matter, please find the documents obtained from Suffolk Superior Court with respect to Removal of this action.

Thank you for your attention to this matter.  If you have any further questions, please do not hesitate to contact me.

Sincerely,

Amy E. Ambarik
Assistant Corporation Counsel
(617) 635-4099

cc:     Edward F. McLaughlin, Esq.

TEL.: (617) 635-4034 FAX: (617) 635-3199

*Suffolk Superior Civil # 05-534*

COPY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
CLERKS OFFICE

CIVIL ACTION NO.

2005 MAR 23  A 9: 47

DISTRICT COURT
DISTRICT OF MASS.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2005 MAR 23  A 10: 15

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

---

LINDA MALLOY, Administratrix
of the Estate of Willie L. Murray,
Jr., Mother, Guardian and Next
Friend Willie L. Murray, III.
          Plaintiff,

v.

CITY OF BOSTON and OFFICER
SHAWN WEST,
          Defendants.

## 05-10545 RGS

**NOTICE OF REMOVAL**
(Pursuant to 28 U.S.C. §1441)

The Defendant, City of Boston, petitions, pursuant to 28 U.S.C. § 1441, for

removal from the Superior Court Department of the Trial Court of the Commonwealth of

Massachusetts the action entitled *Linda Malloy, Administratrix of the Estate of Willie L.*

*Murray, Jr., Mother, Guardian and Next Friend Willie L. Murray III v. City of Boston*

*and Officer Shawn West*, currently pending in Suffolk County as Civil Action No. 05-

0534.

1.     This action alleges that Defendant, City of Boston violated the federal

       civil rights of Plaintiff's deceased son, Willie L. Murray failing to

       adequately train officers, therefore resulting in the use of excessive force;

2.     Plaintiff specifically alleges that Defendant, City of Boston violated 42

       U.S.C. § 1983. This action clearly "arises under the Constitution treaties

       or laws of the United States" and is therefore removable under 28 U.S.C.

       §1441;

1

N  5-20030912
guen

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

03/23/2005
10:58 AM

## SUCV2005-00534
## Malloy Admx et al v Boston et al

| | | | |
|---|---|---|---|
| **File Date** | 02/10/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/23/2005 | **Session** | D - Civil D |
| **Origin** | 1 | **Case Type** | E03 - Action against Commonwealth/municpl |
| **Lead Case** | | **Track** | A |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/11/2005 | **Answer** | 07/10/2005 | **Rule12/19/20** | 07/10/2005 |
| **Rule 15** | 05/06/2006 | **Discovery** | 04/01/2007 | **Rule 56** | 05/31/2007 |
| **Final PTC** | 09/28/2007 | **Disposition** | 02/10/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Linda  Malloy Admx
Active 02/10/2005

**Private Counsel 336980**
Edward F McLaughlin
Norton & McLaughlin
6 Beacon Street
Suite 910
Boston, MA 02108
Phone: 617-523-7001
Fax: 617-854-7593
Active 03/08/2005 Notify

**Plaintiff**
Willie :  Murray Jr, Estate of
Active 02/10/2005

**Defendant**
City of  Boston
Served: 02/23/2005
Served (answr pending) 03/14/2005

**Private Counsel 637348**
Amy E Ambarik
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4048
Fax: 617-635-6199
Active 03/23/2005 Notify

**Defendant**
Officer Shawb  West
Served: 02/24/2005
Served (answr pending) 03/14/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/10/2005 | 1.0 | Complaint |
| 02/10/2005 | | Origin 1, Type E03 Track A |

case01 245398 y y y y y y

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

03/23/2005
10:58 AM

## SUCV2005-00534
## Malloy Admx et al v Boston et al

| Date | Paper | Text |
|------|-------|------|
| 02/10/2005 | 2.0 | Civil action cover sheet filed |
| 03/14/2005 | 3.0 | SERVICE RETURNED: Officer Shawb West(Defendant) (last & usual) |
| 03/14/2005 | 4.0 | SERVICE RETURNED: City of Boston(Defendant) (in hand) |
| 03/23/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. City of Boston U. S. Dist.#(05-10545RGS). |
| 03/23/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
DOCKET # SUCV2005- 05-0534 D

| | |
|---|---|
| Linda Malloy, Administratrix of the Estate of Willie L. Murray, Jr., Mother, Guardian and Next Friend Willie L. Murray, III, | ) |
| Plaintiff, | ) |
| v. | ) |
| City of Boston and Officer Shawn West, a Municipal Employee of the City of Boston and a Member of of the Boston Police Department. | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

This action is brought by the plaintiff, Linda Malloy, the administratrix of the Estate of Willie L. Murray and the mother and guardian of Willie L. Murray, III, the son of Willie L. Murray, Jr., who was shot and killed on February 12, 2002 by Officer Shawn West of the Boston Police Department. The plaintiff states a claim for wrongful death pursuant to the Massachusetts Tort Claims Act, G.L. c. 258 and G.L. c. 229 §2, against the City of Boston, as well as, as a Civil Rights Claim pursuant to 42 U.S.C. 1983 against Officer West and the City of Boston.

**II. PARTIES**

1. The plaintiff, Linda Malloy, is the duly appointed administratrix of the Estate of Willie L. Murray, (hereinafter "Murray") as well as, the mother and guardian of Murray's son, Willie L. Murray, III who is a minor. The plaintiff resides at 613

Columbus Avenue, Boston, MA

2.    The defendant, City of Boston, is a municipal corporation and an employer as that

term is defined in G.L. c. 258 §1 with an address of City Hall, One City Hall Square,

Boston, MA 02201.

3.    The defendant, Officer Shawn West, is an employee of the City of Boston Police

Department and is assigned to Area B-2, 135 Dudley Street, Boston, MA 02119.

## III. STATEMENT OF FACTS

4.    At approximately 3:30 a.m. on February 12, 2002 Murray was operating a Chrysler

automobile, Massachusetts registration #887HLC, on Crawford Street in the

Roxbury section of Boston with the headlights off.

5.    Crawford Street is a one-way street and Murray was traveling in the wrong direction

as he approached the intersection with Elm Hill Avenue.

6.    Just before the intersection of Crawford Street and Elm Hill Avenue the path of

Murray's vehicle was blocked by a marked Boston Police Cruiser, B4-31A being

operated by Officer Shawn West, an "on-duty" officer of Area B-2 of the Boston

Police Department.

7.    Murray brought his vehicle to a complete stop and Officer West got out of his

cruiser, drew his service revolver and pointed it at the Murray vehicle.

8.    Officer West did not activate the "blue lights" of his cruiser or radio to dispatch for

assistance or otherwise advise that he had stopped the Murray vehicle.

9.    Officer West then approached the Murray vehicle while pointing his weapon

directly at Murray.

2

10.    When Officer West arrived at the drivers side of the Murray vehicle he observed

two (2) males in the vehicle, Murray in the drivers seat and Cornell Philip, in the

front passenger seat.

11.    Officer West screamed at Murray "Shut the f...king car off right now."

12.    Murray rolled down the driver's window slightly, however, because the driver's side

window in the vehicle had been broken for several months he was only able lower it

by about 2 inches.

13.    Whereupon, Officer West stuck his weapon into the open space and pointed it

directly at Murray's head.

14.    During this time Murray's hands were in clear view as were the hands of the other

occupant of the vehicle.

15.    Murray then yelled to Officer West "what you going to shoot me!"

16.    At this point, the vehicle rolled forward slightly and Officer West discharged his

service weapon killing Murray.

17.    At the time of the incident, Murray and his passenger were unarmed and the only

probable cause of a crime being committed possessed by Officer West was that

Murray was operating his vehicle with the lights off and going the wrong way on a

one way street both minor traffic violations.

18.    The plaintiff asserts that Officer West used unreasonable force in attempting to

detain Murray and that his actions were, at a minimum, negligent, and in violation

of the Rules and Procedures of the Boston Police Department governing the use of

deadly force by members of the Department.

3

19.   Specifically, Officer West's initial pointing of his service revolver at Mr. Murray and later discharging that firearm were both in direct violation of the aforesaid Rules and Procedures.

20.   Further, Officer West failed to follow appropriate Rules and Procedures regarding the calling in of his stop of the vehicle and/or requesting additional assistance at the scene.

21.   Ultimately, Department Rules and Procedures prohibit the use of deadly force to effect an arrest on mere suspicion that a crime has been committed.

22.   At the time Murray was shot and killed on February 12, 2002 he was the fifth (5) person in fifteen (15) months to be fatally wounded by a Boston Police Officer.

23.   In sum, it is clear that, at the time of the incident, the City of Boston and the Boston Police Department were responsible for Officer's West negligent actions having failed to adequately train, test, supervise and discipline this Officer and other officers and employees.

24.   The plaintiff avers, that the City of Boston, at the time of the above incident and in the months preceding the incident demonstrated a deliberate indifference in the training, recruitment, supervision and discipline of its Police Officers particularly in the area of the "use of deadly force."

25.   Finally, the plaintiff submits that the City of Boston knew or should have known of officers' misconduct, and that they failed to take reasonable measures to rectify the situation.

## IV. CAUSES OF ACTION

**Count I.  Mass. Tort Claims Act - Wrongful Death -Defendant, City of Boston,**

26.    The plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 25 above as if fully stated herein

27.    At all relevant times herein, the defendant, City of Boston, was a public employer as

defined in G.L. c. 258 §1.

28.    The plaintiff is entitled to bring this action pursuant to the wrongful death Statute,

G.L. c. 229 §2 and the Massachusetts Tort Claims Act, G.L. c. 258 §2.

29.    Officer West was an employee of the defendant, City of Boston, for whom the

employer is liable for all negligent or wrongful acts of the employee which were

within the scope and duties of the employee as more fully set out in G.L. c. 258 §2.

30.    In compliance with G.L. c. 258 §4 on or about February 5, 2004 a notice or

"presentment of claim" was sent by certified mail to the Honorable Thomas M.

Menino, Mayor of the City of Boston, which was received by the Mayor's Office on

February 6, 2004.  In addition, the plaintiff paid the required $5.00 notice fee to the

Clerk of the City of Boston, as required.

31.    On the same day, an identical notice or presentment of claim was also sent by

certified mail to Acting Police Commissioner, James M. Hussey, which was

received by his office on February 7, 2004.

32.    Accordingly, the plaintiff submits that she has complied with the condition

precedent to the institution of the within action since both notices were received

within two (2) years of the death of William L. Murray, Jr.

33.    Further, more than six (6) months have elapsed since the receipt of the within notices and the City of Boston has taken no action or otherwise responded to the aforementioned notices.

34.    Therefore, the plaintiff avers that the actions of Officer West in shooting and killing Murray were negligent and or wrongful acts and entitle Murray's Estate to the recovery of damages for wrongful death.

**Count II.  Civil Rights Violation - Defendant, Officer Shawn West**

35.    The plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 above as if fully stated herein.

36.    As alleged above, on February 12, 2002, the defendant, Officer Shawn West, was acting under color of law as an Officer of the City of Boston Police Department, with full authority of said office.

37.    On the same date the defendant, Officer Shawn West, violated the Constitutional rights of the decedent, Murray, by depriving him of his rights, privileges, or immunities secured and protected by the Constitution and laws of the United States, including but not limited to his "due process" rights under the Fourth Amendment to the Constitution of the United States through the use of excessive force which was unreasonable under the circumstances.

38.    In do so, without proper justification or qualified immunity, Officer West abrogated the civil rights of the decedent, Murray, in violation 42 U.S.C. 1983, The Federal Civil Rights Act.

39.    In sum the actions of Officer West constitute a violation of the civil rights of Murray

6

2.    Award her damages that will fully and fairly compensate the Estate of Willie L.

Murray, Jr. for the civil rights violations alleged in Counts II and III, above

including but not limited to punitive damages and reasonable attorney's fees.

3.    For whatever other relief that this Court deems right and just.

## JURY DEMAND

Plaintiff demands that each and every issue of fact contained herein be tried to a jury where

such right is applicable.

Respectfully submitted,

LINDA MALLOY, Administratrix of the
Estate of Willie L. Murray, Jr.
By her attorney,

Edward F. McLaughlin
6 Beacon Street, Suite 910
Boston, MA  02108
(617) 523-7001
Dated: February 10, 2005                        BBO #336980

. HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/ MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK

8

4

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __SUCV2005-0534D__

_____Linda Malloy, Administratrix_____ , Plaintiff(s)
of the Estate of Willie L. Murray, Jr.

v.

City of Boston & Officer Shawn West , Defendant(s)
Boston Police Department

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon __Edward F. McLaughlin, Esq.__

plaintiff's attorney, whose address is __6 Beacon Street, S-910 Boston, MA 02108__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, __Barbara J. Rouse__ o, Esquire, at Boston, the _____11th_____ day of
__February__ , in the year of our Lord two thousand __2005__ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

. HEREBY ATTEST AND CERTIFY ON

__MARCH 23, 2005__ , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK

NOTICE TO DEFENDANT— You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0534 D | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Linda Malloy | City of Boston + Officer Shawn West |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Edward F. McLaughlin
6 Beacon St S-910 Boston, MA 02108
Board of Bar Overseers number: 336980

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

E c 3    Wrongful Death against City    (A)    (X) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .

Subtotal $. . . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful Death + Civil Rights violation

in excess of $100,000

TOTAL $. . . . . . . . . . . . .

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    Edward F McL    DATE: 2/10/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

. HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *Su Cv 2005 - 0524*

*Linda Molloy Administratrix* , Plaintiff(s)
*of the Estate of Willie L. Murray, Jr.*

v.

*City of Boston, & Officer Shrewsbury* Defendant(s)
*Boston Police Dept.*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon *Edward F. McLaughlin*

plaintiff's attorney, whose address is *6 Beacon St S-916 Boston MA 02108* an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ~~~~~~~~, Esquire, at Boston, the _____*11th*_____ day of
_____*February*_____, in the year of our Lord two thousand ___*2005*___.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM  CIV.P. 1 3rd Rev.

· HEREBY ATTEST AND CERTIFY ON
MARCH 23, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
ASSISTANT CLERK

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.