UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10545RGS

LINDA MALLOY, Administratrix
of the Estate of Willie L. Murray, Jr.,
Mother, Guardian and Next Friend
Willie L. Murray, III.
    Plaintiff,

v.

CITY OF BOSTON and OFFICER
SHAWN WEST,
    Defendants.

## DEFENDANT CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

Now comes the Defendant City of Boston and answers the Plaintiff's Complaint as follows:

### INTRODUCTION

The Defendant City of Boston considers this paragraph of the Complaint as introductory only and not requiring a response. To the extent that this paragraph alleges facts, the Defendant denies such allegations.

### PARTIES

1. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint.

2. The Defendant City of Boston admits the allegations contained in paragraph two.

3. The Defendant City of Boston admits the allegations contained in paragraph three.

### STATEMENTS OF FACTS

4. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Complaint.

5. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint

6. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the Complaint.

9. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint.

10. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint.

11. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Complaint.

12. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint.

13. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint.

14. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

15. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

16. The Defendant City of Boston admits that Murray was shot and killed on February 12, 2002. Answering further, Defendant City of Boston states it is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixteen of the Complaint.

17. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Complaint.

18. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint.

19. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Complaint.

20. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Complaint.

21. The Defendant City of Boston denies the allegations contained in paragraph twenty-one of the Complaint.

22. The Defendant City of Boston admits the allegations contained in paragraph twenty-two of the Complaint.

23. The Defendant City of Boston denies the allegations contained in paragraph twenty-three of the Complaint.

24. Paragraph twenty-four contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

25. Paragraph twenty-five contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

CAUSES OF ACTION

**Count I. – Mass. Tort Claims Act – Wrongful Death – Defendant, City Of Boston**

26. The Defendant City of Boston repeats and incorporates the answers to paragraphs one through twenty-five.

27. The Defendant City of Boston admits the allegation contained in paragraph twenty-seven.

28. Paragraph twenty-eight contains a legal conclusion, and therefore no response is required. To the extent an answer is required, Defendant City of Boston is

     without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29. Defendant City of Boston admits that Shawn West was an employee at the time of the incident which is the subject of Plaintiff's Complaint. Answering further, the remaining allegations in paragraph twenty-nine contain a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

30. Defendant City of Boston admits that a letter purporting to be notice was received by the City Clerk's office on February 9, 2004. Answering further, Defendant City of Boston admits the Plaintiff paid the required $5.00 notice fee to the City Clerk.

31. The Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

32. Paragraph thirty-two contains a legal conclusion, and therefore no response is required. To the extent an answer is required, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

33. Defendant City of Boston admits that six (6) months have elapsed since the receipt of the letter purporting to be notice, and that the Defendant City has taken no action on Plaintiff's claim.

34. Paragraph thirty-two contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

**Count II.  Civil Rights Violation – Defendant Shawn West**

35 - 39. Paragraphs thirty-five through thirty-nine contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required.

**Count III.  Civil Rights Violation – Defendant, City of Boston**

40. The Defendant City of Boston repeats and incorporates the answers to paragraphs one through thirty-nine.

41. Paragraph forty-one contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

42. Paragraph forty-two contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

43. Paragraph forty-three contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

44. Paragraph forty-four contains a legal conclusion, and therefore no response is required. To the extent an answer is required, it is denied.

## **AFFIRMATIVE DEFENSES**

### First Defense

The Defendant City of Boston states that the officer's alleged actions are immune from suit as the officer was engaged in discretionary functions.

### Second Defense

The Defendant City of Boston states that the injuries or damage alleged were caused in whole or in part by the negligent or intentional acts of the Plaintiff.

### Third Defense

The Defendant City of Boston states that it was justified in its acts or conduct and that therefore the Plaintiff cannot recover.

### Fourth Defense

The Defendant City of Boston states that no act or omission by it was a proximate cause of damages allegedly sustained by the Plaintiff.

### Fifth Defense

The Defendant City of Boston states that its acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore the Plaintiff cannot recover.

### Sixth Defense

The Defendant City of Boston states that at all times pertinent to this action, it acted in good faith and belief that all actions were in accordance with the laws of the Commonwealth of Massachusetts and United States of America.

### Seventh Defense

The Defendant City of Boston states that the Plaintiff has not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

<u>Eighth Defense</u>

The Defendant City of Boston states that the Plaintiff has failed to state a claim upon which relief can be granted.

<u>Ninth Defense</u>

The Defendant City of Boston states that any injury or damage suffered by the Plaintiff was caused by others for whose conduct the Defendant is not responsible.

<u>Tenth Defense</u>

The Defendant City of Boston states it is not liable for any intentional conduct by an employee pursuant to G.L. c.258 §10(c).

<u>Eleventh Affirmative Defense</u>

The Defendant City of Boston states that the Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the alleged violation of the Plaintiff's constitutional rights.

<u>Twelfth Affirmative Defense</u>

The Defendant City of Boston, states that it is a municipality against which punitive damages may not be assessed.

**JURY CLAIM**

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,


<u>/s/ Amy E. Ambarik</u>
Amy E. Ambarik, BBO# 637348
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4099