**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10545-RGS

LINDA MALLOY,
Administratrix of the
Estate of Willie L. Murray,
Jr., Mother, Guardian and
Next Friend Willie L.
Murray, III.
        Plaintiff,

v.

CITY OF BOSTON and OFFICER
SHAWN WEST,
        Defendants.

**STIPULATION AND PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil
Procedure, the parties to this action, by and through their
respective counsel, enter into the following Stipulation and
Protective Order:

1.   With respect to the documents that will hereinafter be
produced through discovery, the party producing such documents
may identify such documents as being "Confidential Information."
Documents containing such confidential information shall be
marked as follows:

**"CONFIDENTIAL**

Pursuant to Court Order in Case Number 05-10545-RGS in the United
States District Court, District of Massachusetts."

The party designating a Document as Confidential Information
will add an appendix to the document production with an

explanation of the reasons as to why each document or group of documents is being marked as confidential.[1]  A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information.

Any party may challenge any other party's designation of a Document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential Information as provided in this Protective Order.

2.    As to the Confidential Information produced or revealed pursuant to Paragraph 1, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i)    The Court under seal pursuant to the Court's granting of a Motion for Impoundment[2];

(ii)   Attorneys of record for the parties, including their investigators, consultants, independent contractors,

---

[1] Documents the parties anticipate might be marked Confidential in this matter, include, though not exclusively, Boston Police Officer's Personnel Records and certain Internal Affairs Investigation materials.

[2] The motion for impoundment will, with respect to a matter is sought to impounded (i) set forth a description, in general terms, of the confidential materials for which impoundment is sought and a short statement setting forth the reasons justifying impoundment and will (ii) be accompanied by (a) a redacted version of the document or item containing the confidential materials, to be placed in the court's public files, and (b) an unredacted version of the document or item containing materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

               witnesses, employees directly assisting said
               attorneys of record and the parties;

   (iii)   Experts for the parties, provided the attorney of
               record first informs each expert that such
               Confidential Information to be disclosed is
               confidential, is to be held in confidence, and is to
               be used solely for the purpose of preparing for and
               presenting evidence in this litigation or
               administrative proceeding and further that these
               restrictions are imposed by a court order.

3.    Each of the persons referred to in Paragraph 2(ii) to whom such Confidential information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

4.    Each of the experts referred to in Paragraph 2(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree, in writing, to be bound by the terms of the Order. Said writing shall be held in the possession of the expert and/or the counsel for the plaintiff until the close of litigation, and shall then be turned over to counsel for the defendant(s).

5.    The attorneys for the parties, their investigators, consultants, independent contractors and their employees and experts may make copies of the confidential Information as needed in the litigation of this case or administrative proceeding.

6.    The Confidential Information may be exhibited to deposition witnesses during their depositions and they may be

questioned with respect to such Confidential Information during oral depositions; provided that to the extent that the transcript of any deposition or the exhibits thereto incorporate the Confidential Information, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Information.

7.    Subject only to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be freely available for use at trial or in any related administrative proceeding by any party.  Should a party wish to use Confidential Information in motion practice, that party must move the court for permission to file said Confidential Information under seal.[3]

8.    By signing this Protective Order the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived or otherwise compromised.

9.    Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, unless the document becomes part of the public record at trial.  Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall be returned to the defendant upon their request within sixty (60) days.

---

[3] Per the procedure defined in footnote 1.

10.  This Order may be modified by further order of this Court upon application to the Court with notice.

11.  Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except parties, their attorneys' employees, witnesses and experts and investigators, consultants and independent contractors.

12.  If the plaintiff seeks to establish that documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, he shall inform counsel for defendant on the basis of his objection.  Within ten days thereafter, if the parties cannot resolve the dispute, the defendant shall bring the matter to the Court for resolution. The party designating the documents as confidential will bear the burden of establishing that a protective order concerning such documents or information is appropriate.  See *Anderson v. Cryovac,* 805 F.2d 1 (1st Cir. 1986).


_____
Honorable Richard G. Stearns
United States District Court


_____
Date

Respectfully submitted,

LINDA MALLOY, PLAINTIFF        DEFENDANT, CITY OF BOSTON
                                    Merita A. Hopkins
                                    Corporation Counsel
By her attorney,                By its attorney,


s/ Edward F. McLaughlin       s/ James M. Chernetsky
_____       _____
Edward F. McLaughlin, Esq.    James M. Chernetsky, Esq.
BBO # 336980               BBO #638152
6 Beacon Street, Suite 910    Assistant Corporation Counsel
Boston, MA 02108           City of Boston Law Department
(617) 523-7001            Room 615, Boston City Hall
                                    Boston, Massachusetts 02201
                                    (617) 635-4048


DEFENDANT, SHAWN WEST

By his attorney,


s/ James W. Simpson
_____
James W. Simpson, Esq.
Douglas Louison, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street, Suite 200
Boston, MA 02110
(617) 439-0305

6